Archie Paul McFarland and Lorna C. McFarland v. Commissioner. Archie Rae McFarland, Deceased, and Ethel McFarland v. Commissioner.
McFarland v. Commissioner
Docket Nos. 55530, 55531.
United States Tax Court
T.C. Memo 1957-52; 1957 Tax Ct. Memo LEXIS 190; 16 T.C.M. (CCH) 233; T.C.M. (RIA) 57052; March 29, 1957
*190 Fees paid by a partnership to an accountant and attorneys in an unsuccessful endeavor to prevent an indictment for and in the defense of a criminal charge against the individual partners for income tax evasion, held, not deductible as business expenses. James E. Faust, Esq., for the petitioners. John R. Gauntt, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: These consolidated proceedings involve income tax deficiencies of petitioners for the taxable year 1950, in the amounts as follows: Docket No.
Amount
55530
$2,318.80
55531
2,002.18
The question is whether certain expenditures made by a partnership for legal and accounting fees by reason of criminal proceedings against the individual partners are deductible. All the facts have been stipulated. [Findings of Fact] The respective petitioners filed joint returns for the year 1950 with the collector of internal revenue for the district of Utah. Archie Paul McFarland and Archie Rae McFarland, hereinafter referred to as petitioners, were members of a partnership, operating under the firm name of Payette Livestock and Feeding Company, having a fiscal year ended August 31, 1950. As a result of an examination of the partnership returns for the years 1944, 1945, and 1946, it was recommended that criminal proceedings be instituted against petitioners for wilfully attempting to evade a large portion of their *192 individual income tax liability for such years. On November 23, 1949, petitioners entered into an agreement with J. N. Casella, an accountant, and Spurgeon Avakian, an attorney, whereby they were to try to obtain satisfactory disposition of petitioners' cases for the years 1944, 1945, and 1946, in Washington, D.C., so that criminal indictments would not be brought against them. On December 2, 1951, a fee of $8,250 was paid to them for such service. On August 4, 1950, and on August 15, 1950, the partnership paid to Mulliner-Prince and Mulliner the sum of $5,000, or a total of $10,000, for services performed in connection with the criminal proceedings instituted against petitioners. The total fees amounting to $18,250 were reasonable for the services performed and were paid in good faith. On March 15, 1951, petitioners waived indictment on all of the years. A United States Attorney then formally charged each of the petitioners for wilful tax evasion under section 145(b) of the Internal Revenue Code of 1939 for all three years in question. On April 20, 1951, the petitioners pleaded not guilty, and on May 2, 1951, they changed their pleas to guilty for the year 1944. On May 4, 1951, each *193 petitioner was sentenced to serve two years in a Federal penitentiary and to pay a fine of $5,000. The counts for the years 1945 and 1946 were dismissed. On the partnership return for the fiscal year ended August 31, 1950, a deduction for legal and accounting fees was claimed in the amount of $19,718.59. The respondent disallowed the sum of $18,250 in determining petitioners' distributive share of partnership income, which adjustment gives rise to the deficiencies in controversy. [Opinion] Petitioners contend that the expenditures made by the partnership are deductible as ordinary and necessary business expenses under section 23(a)(1)(A) of the 1939 Code. Alternatively, petitioners contend that the payments are deductible as non-business expenses under section 23(a)(2). The respondent's position is that the expenditures in question do not bear any direct or proximate relation to the business conducted by the partnership and are not ordinary and necessary business expenses, but are personal expenses and non-deductible under section 24(a)(1) of the Code. In the alternative, if the expenditures are held to be proximately related to the partnership business, their allowance, *194 under the facts, would frustrate sharply defined public policy. The stipulated facts clearly show that the expenditures in controversy were paid to forestall criminal prosecution and in the defense of petitioners in criminal proceedings instituted against them. The expenditures bore no direct or proximate relation to the business conducted by the partnership, but were such as result from a personal situation of the individuals concerned. Under the conceded facts, the expenditures in question were essentially personal in character, and, hence, not ordinary and necessary business expenses of the partnership within the purview of section 23(a)(1)(A) of the 1939 Code. Gould Paper Co., 26 B.T.A. 560, affd. 72 Fed. (2d) 698; Burroughs Bldg. Material Co., 47 Fed. (2d) 178, affirming 18 B.T.A. 101; B. F. Sturdivant, 15 T.C. 880; cf. Robert S. Seese, 7 T.C. 925. Since it is conceded the expenses were paid by the partnership, section 23(a)(2), which applies only to individuals, is not applicable. Robert S. Seese, supra. We, therefore, hold that the respondent correctly disallowed the deduction *195 of the amount of $18,250, paid in the taxable year 1950, for accountant and attorneys' fees. Decisions will be entered for the respondent.